UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | Case No.: 1:14-cv-00171-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR TEMPORARY RESTRAINNG ORDER |
| v. | |
| M.A. TINNA, et al., | [ECF No.13] |
| Defendants. | |

Plaintiff Archie Cranford is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 18, 2014. Local Rule 302.

On April 14, 2014, Plaintiff's complaint was dismissed with leave to amend for failure to state a cognizable claim for relief, and Plaintiff's motion for temporary restraining order was denied. (ECF No. 12.) Plaintiff filed a second amended complaint on April 23, 2014, which will be screened in due course.

Now pending before the Court is Plaintiff second motion for a temporary restraining order, filed April 16, 2014.

1

As with Plaintiff's prior motion, Plaintiff seeks a temporary restraining order to prohibit Defendant Tina M. Adams and other unidentified defendants from denying his medical treatment and demands that defendants stay 500,000,000 yards away from him at all times.

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

In this case, in light of the fact that Plaintiff's complaint was dismissed with leave to amend, Plaintiff has not demonstrated likelihood of success on the merits, likelihood of irreparable harm, a balance of equities in his favor, or that an injunction is in the public interest. Accordingly, Plaintiff's motion for temporary restraining order, filed on April 16, 2014, is HEREBY DENIED. Fed. R. Civ. P. 65; Local Rule 231; Winter, 555 U.S. at 24.

IT IS SO ORDERED.

Dated:   **May 9, 2014**

UNITED STATES MAGISTRATE JUDGE