UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>M.A. TINNA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00171-SAB (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 14] |

Plaintiff Archie Cranford is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 18, 2014.  Local Rule 302.

Now pending before the Court is Plaintiff's second amended complaint filed April 23, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Tinnia M. Adams, Samantha Perryman, Audrey King, and Jessica C, as Defendants. Plaintiff contends he suffers from severe heart damage. Plaintiff awoke early one morning and approached the medical unit office experiencing extreme chest pain. Plaintiff contends he pounded on the window but "both" defendants were asleep. Plaintiff does not identify "both" defendants by name but contends that defendant King is fully trained in heart matters. Plaintiff contends his life was in danger and he was in dire need of medical care.

## III.

## DISCUSSION

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's

2

right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and internal quotation marks omitted).

In this case, the facts alleged in Plaintiff's complaint fail to state a cognizable claim for inadequate medical care. Plaintiff's general and vague claim that he was not provided medication on one morning does not demonstrate conscious indifference amounting to gross negligence. The mere possibility that Plaintiff was ignored on one morning due to inattentiveness is not sufficient to state a claim. Iqbal, 556 U.S. at 678. Nothing in the complaint supports any factual finding that any Defendant acted with conscious indifference and that Plaintiff suffered harm as a result or that there was any motive or intent to harm Plaintiff. Naked assertions devoid of factual support do not suffice to state a claim.

The Court previously identified the above-described pleading deficiency and advised Plaintiff of the need to provide sufficient factual allegations to determine any defendants' motivations. Based on the deficiency allegations presented in the second amended complaint, there is no basis to find that

Plaintiff is able to curing the defects. Accordingly, the Court finds further leave to amend would be useless, and the complaint should be dismissed with prejudice.

## IV.
## CONCLUSION AND ORDER

For the reasons state above, the Court finds that Plaintiff's second amended complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987). Accordingly, Plaintiff second amended complaint is DISMISSED, with prejudice, for failure to state a claim, and the Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated:   **May 20, 2014**

UNITED STATES MAGISTRATE JUDGE